IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| NOLAN F. HARRIST | § | |
| v. | § | CIVIL ACTION NO. 2:14-CV-00244 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

On March 17, 2014, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. Having ultimately prevailed in the District Court, Plaintiff now seeks Attorney Fees under the Equal Access to Justice Act.

*Background*

On November 17, 2014, this court issued a Report and Recommendation recommending that the District Court reverse and remand the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act. This was filed pursuant to an unopposed Motion and Brief to Remand filed by the Commissioner, agreeing that the case should be remanded for further administrative proceedings (docket entry #16).

1

On December 2, 2014, the District Court issued a final judgment ordering that the case be reversed and remanded (docket entry #19). The District Court adopted the Report and Recommendation (docket entry #18).

Plaintiff now appears before the Court with an "Unopposed Motion for Attorney Fees", filed pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA")(docket entry # 20). Based on the supporting arguments and the Court's sentence four remand, Plaintiff asserts that he is the prevailing party for purposes of the EAJA and seeks a total of $1,072.18 for legal fees in the case. The Commissioner does not oppose this motion.

## *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the

highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). The Commissioner has the burden of proving that the position of the United States in this matter was "substantially justified" and has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not shown or suggested special circumstances that would render an award unjust. Further, Plaintiff's motion was timely filed after the judgment became final. It is undisputed that Plaintiff actually incurred these fees by virtue of his agreement with his attorney. *See Murkeldove*, 635 F.3d at 791.

Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 560 U.S. 586 (2010); *see also Murkeldove*, 635 F.3d at 788 n.2. In part, that is so to make fee payments subject to a Government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S. Ct. at 2524.

Therefore, Plaintiff, not his attorney, should be paid the aggregate sum of $ 1,072.18 in fees in connection with this case. Plaintiff's payment of fees owed his attorney is a matter of the retainer agreement between them. The payment will be made to the Plaintiff, as stipulated, via his attorney at his attorney's office.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that the "Unopposed Motion for Attorney Fees", filed pursuant to the Equal Access to Justice Act (docket entry # 20), is **GRANTED**. The Commissioner is hereby **ORDERED** to pay Plaintiff, via his attorney of record, for fees incurred totaling $1,072.18 pursuant to the EAJA, 28 U.S.C. § 2412(d).

**SIGNED this 9th day of February, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE